IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:23-CR-25-KAC-DCP |
| KENNETH BRIGGS, PAUL BRIGGS, | ) | |
| RICARDO BRIGGS, ERIC BRADFORD, | ) | |
| SYLVESTER NEAL, III, and | ) | |
| DYLAN TREY RUSSELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case came before the undersigned on June 12, 2023, for a telephonic hearing on the Motion by Defendant Kenneth Briggs to Continue Motion Deadline [Doc. 75]. Assistant United States Attorney Russ Swafford appeared on behalf of the Government. The following defense counsel also appeared on behalf of their clients: Attorney Stephen McGrath for Defendant Kenneth Briggs; Attorney Russell Greene for Defendant Paul Briggs; Assistant Federal Defender Nakeisha Jackson for Defendant Ricardo Briggs; Attorney Kimberly Parton for Defendant Eric Bradford; Attorney Forrest Wallace for Defendant Sylvester Neal; and Attorney Cullen Wojcik for Defendant Dylan Russell. All Defendants were excused from the hearing.

In his motion, Defendant Kenneth Briggs asks the Court to extend the June 6, 2023 motion deadline to July 14, 2023. Attorney McGrath relates that he has received discovery from the Government, but due to the volume of discovery and the investigation that he is still conducting, he cannot yet fully advise his client regarding the filing of pretrial motions. Counsel states that

the extension is necessary to allow him to complete the investigation of the case, research the law specific to his client's charges, and consult with his client to determine what, if any, motions will need to be filed. Counsel submits that granting the requested extension will not prejudice any party, as no other deadlines need to be altered as a result of the extension. Finally, counsel states the Government does not object to a continuance of the motion deadline.

At the telephonic hearing, Attorney McGrath relied on the substance of his motion, stated that he has received new discovery, and reiterated that he did not believe a continuance of the motion deadline would impact the current trial date and accompanying deadlines. The Court then noted that continuing the motion deadline to July 14, 2023, would likely necessitate a continuance of the October 17, 2023 trial date if dispositive pretrial motions were ultimately filed in order to allow sufficient time for a hearing and final disposition of the motion by the District Judge and adequate time for trial preparation in consideration of that ruling. In light of this additional information, Attorney McGrath orally moved to amend his motion to request a trial continuance and extension of all related dates in addition to an extension of the motion deadline.

The Court then inquired as to the position of the remaining Defendants and the Government. Attorney Greene stated that Defendant Paul Briggs wished to keep the current October 17, 2023 trial date, although he did not oppose an extension of the motion deadline. Attorney Jackson stated Defendant Ricardo Briggs does not oppose an extension of the motion deadline, but she would need to confer with her client as to a continuance of the trial date. Attorney Parton, on Defendant Bradford's behalf, joined in the oral motion to continue the trial date as well as the motion for extension of the motion deadline, as she anticipated receiving additional discovery from the Government. Attorney Wallace joined in the motion to extend the motion deadline on Defendant Neal's behalf, as he had just received additional discovery, which appears

to include multiple investigative reports. Attorney Wojcik stated that he had received additional discovery that will take time to review and that Defendant Russell has no objection to an extension of the motion deadline, but that he took no position on a continuance of the trial date as he would need to confer with his client. AUSA Swafford then confirmed that the Government does not oppose a continuance of the motion deadline, as he anticipated turning over additional discovery within the next four weeks, including lab reports and six telephone extractions. In light of information from the Government on the additional discovery it will provide to Defendants, the Court inquired as to whether any of the parties' positions had changed. Counsel for each Defendant reiterated their original positions except that Attorney Parton revised her oral motion on behalf of Defendant Bradford to join only in the motion to continue the motion deadline at this time.

Based upon the representations made by Defendant Kenneth Briggs in his motion [Doc. 75], the fact that a substantial amount of discovery remains outstanding, and the lack of opposition by any party to a continuance of the motion deadline, the Court **GRANTS** Defendant's original motion [**Doc. 75**]. The motion deadline will be extended to **July 14, 2023**, for Defendant Kenneth Briggs as well as for Defendants Bradford and Neal, who orally joined in the motion. The Court **DENIES** Defendant Briggs' oral motion to continue the trial date at this time but cautions that the filing of any dispositive motions may necessitate a delay of the trial.

Accordingly, the Court **ORDERS** as follows:

(1) The Motion by Defendant Kenneth Briggs to Continue Motion Deadline [**Doc. 75**] is **GRANTED**;

(2) The deadline for Defendants Kenneth Briggs, Eric Bradford, and Sylvester Neal to file pretrial motions is extended to **July 14, 2023**. Responses to motions are due on or before **July 28, 2023**; and

(3) The Court **DENIES** Defendant Kenneth Briggs's oral motion to continue the trial date.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

4

Case 3:23-cr-00025-KAC-DCP   Document 78   Filed 06/13/23   Page 4 of 4   PageID #: 217